Anant Kumar Tripati #102081
ASPC - Florence/East Unit
P.O. Box 5000
Florence, Arizona 85132

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

ANANT KUMAR TRIPATI,
         PLAINTIFF                CASE NO: 20-427

Vs.

WEXFORD HEALT SOURCES INC., MATTHEW R. ZWICK, SAMUEL H FORMAN,
WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP, JONAH E. RAPPAZZO,
BRANDI C. BLAIR, JOHN HOCHULI, JONES SKELTON HOCHULI PLC, CORIZON INC.,
QUINTAIROS PRIETO WOOD & BOYER P.A., ANTHONY J. FERNANDEZ, NICOLE ROWEY,
JOSEPH SCOTT CONLON, CHARLES STEDMAN HOVER III, TIMOTHY REGIS GRIMM II,
KRISTIN WHITNEY BASHA, RENAUD COOK DRURY MESAROS P.A., KELLY JOAN MORRISSEY,
PAUL EDWARD CARTER, DARYL JOHNSON, KARYN KLAUSNER, COURTNEY GLYNN,
CHERYL DOSSETT, DIANE BOUSHESZWICZ, BETTY ULLIBARRI, CENTURION OF
ARIZONA, SARAH L. BARNES, BROENING OBERT WOODS & WILSON P.C., CENTENE
MANAGEMENT CORP, MICHAEL E. GOTTFRIED, KATHERINE E. WATANABE, LUCY M.
RAUD, DANIEL P. STRUCK, KATHLEEN L. WEINERE, TIMOTHY J. BOJANOWSKY, RACHEL
LOVE, NICHOLAS D. ACEDO, ASHLEE B. FLETCHER, ANNE M. ORCUTT, STRUCK, WIENERE
& LOVE PLC., CHARLES L. RYAN, DAVID SHINN.
                       DEFENDANTS.

## VERIFIED COMPLAINT     JURY DEMAND
COUNT I    EIGHTH AMENDMENT
COUNT II    FRAUDALENT CONCEALMENT, FRAUD, DECEIT
COUNT III    CUSTOMARY INTERNATIONAL LAW
COUNT IV    CONSPIRACY

# Table of Content

Introduction ............................................. 1

Jurisdiction ............................................. 4

Venue ................................................... 5

Statement of Facts Regarding
My Medical Condition .................................... 6

Advance of Litigation ................................... 6

The Directives from Pittsburgh .......................... 7

Integrity of the Judiciary .............................. 11

CIV 11 0195 DLB ......................................... 12

The Conduct in Middle
District of Tennessee ................................... 12

Integrity of the Judiciary .............................. 16

CIV 13 0615 DLB CIV 1800660m ........................... 17

The Conduct in Minnesota Missouri ...................... 17

The Conduct in Arizona ................................. 18

The Role of Parsons Counsel ............................ 20

Re Judicata Collateral Estoppel ........................ 20

The Investigation - No Available Remedy ................ 21

The Imminent Danger .................................... 21

Unbearable Pain ........................................ 22

Why Have They Done This ................................ 22

Count One Cruel Unusual Punishment ..................... 23

Count Two Fraudulent Concealment Fraud Deceit .......... 23

Count Three Customary International Law ................ 25

Conspiracy ............................................. 25

Prayer ................................................. 30

Verification ........................................... 30

— ii —

## Introduction

① Attached is a February 19, 2020 Admissibility finding after a 13 year investigation.

### The Investigation

(Exhibit-1) ① Moreover, The alleged victim claims to have been The subject of retaliatory action while in prison, including the denial of food and medical Treatment, The destruction of his personal belongings and legal documents, and the refusal To grant him access To legal counsel, resources and materials. [et 3]

(Exhibit-1) ⑥ The petitioner alleges that prison authorities have Taken retaliatory actions against him as a result of his continued efforts To litigate his case and as a result of complaints lodged by him against The Arizona Department of Corrections [hereinafter, "ADOC"]. In This regard, he claims that They have denied him access To adequate medical service, have destroyed files relating To his case and denied him access To his counsel and have denied him food prepared in accordance with his Hindu religious beliefs. They have also denied him access To legal resources and information afforded To other inmates and placed him at the farthest

—1—

end of the prison to restrict access
to those resources.

(Exhibit-1) ⑦ According to the petition, the alleged victim
has attempted to obtain relief from these
measures by communicating them to several
authorities. Moreover, in 2017, in order to
respond to a request for information from the
IACHR, the petitioner requested the U.S.
District Court for the District of Arizona to
provide him with an electronic copy of
judicial documents pertaining to his case
since his copies had been lost or destroyed
by the ADOC and he did not have funds to
pay for new copies. The District Court
considered that while it may be able to
pay for service of process on behalf of an
indigent litigant and, in certain cases, to pay
the costs of printing the record on appeal
and preparing a transcript of proceedings, the
same does not authorize the court to pay
the cost for an indigent litigant's general
copy request. It therefore rejected his request
and noted that he could obtain the copies he
desired by submitting a written request accompanied
by an appropriate payment of 50 cents per page
plus a 64 dollar retrieval fee to retrieve his

—2—

Case file from the archives.

(Exhibit-1) ⑬ With respect to the alleged denial of food and medical treatment, the IACHR notes that Mr. Tripati filed multiple medical grievances to the ADOC, many of them subsequent to filing the present petition before the IACHR. Moreover, with respect to the alleged destruction and alteration of evidence, the denial of access to counsel, the opening of his legal correspondence and the denial of access to legal resources, the case file also contains multiple letters sent to the prison warden and the ADOC concerning these matters between 2009 and 2016. In accordance with the doctrine of the IACHR, the analysis concerning the requirements set forth in Article 32.1 of the IACHR Rules of Procedure shall be carried out in light of the situation existing at the moment when it decides on the admissibility or inadmissibility of a petition.

(Exhibit-1) ⑭ Without prejudging the merits of the complaint, after examining the position of the parties, and pursuant to the requirements set out in Articles 31 to 34 of its Rules of

Procedure, the Inter-American Commission decides to declare the petition admissible for the purpose of examining the alleged violations of the rights set forth in Articles I [Life, Liberty and Personal Security], II [Equality before Law], III [Religious Freedom and Worship], X [Inviolability and Transmission of Correspondence], XI [Preservation of Health and Well-being], XVIII [Fair Trial], XXV [Protection from Arbitrary Arrest], XXVI [Due Process of Law] of the American Declaration in the detriment of Mr. Tripati.

(Exhibit-1) (15) Furthermore, the IACHR will assess at the merits stage whether the alleged denial of judicial documents to an indigent litigant free of cost could constitute a violation of articles IV [Freedom of Investigation, Opinion, Expression and Dissemination] of the American Declaration.

## Jurisdiction

(2) I am an alien, a British Citizen and Defendants of Pennsylvania, Tennessee, Minnesota, Arizona

—4—

③ The amount in Controversy, exclusive of interest and Cost, exceeds # 250,000.

④ Williams v Best Catalyst LLC, 765 F.3d 306 (3rd Cir. 2014) Confers jurisdiction.

⑤ The Alien Tort Claims Act, 28 USC 1350, Confers jurisdiction as the conduct violates the Laws of Nations and Customary International Law. The Law of Nations in the District Courts Federal Jurisdiction over Tort Claims by Aliens under 28 USC 1350 LBC Intl. Comp. L Rev. 571, 1977

## Venue

⑥ Venue is proper in this District because events have been Directed from this district,

In a substantial part, Wexford, Zwick, Forman, Gallagher, Newby directed events from this District, Rappazzo, Blair, Hochuli, Carter, Morrissey, Klausner, Glynn, Dossett, Bosheszwicz, and Ulibarri voluntairly participated. Other

⑦ Other Defendants Continued with the events directed from this District.

—5—

## Statement of Facts Regarding
## My Medical Condition

(8) I have high blood pressure, shakes, tremors, chronic pain, constipation, prostate issues, allergies.

I am suppose to have a nephroblast done to my kidneys to see if there is blockage.

If no blockage is found, then something else shall have to be done.

Centurion is procrastinating and not sending me to be treated.

They are going through the motions to treat me, but their delays show nothing they are doing helps.

They have continued with the practice that Wexford began, Corizon continued, and Centurion, like Wexford and Corizon, have refused to prescribe the course of treatment that did manage my condition. [see ex 1, 2, 3 attached]

## Advance Of Litigation

(9) In advance of litigation, Wexford, Zwick, Forman, Weber Gallagher, Corizon, Conlon, Hoover, Grimm, Basha, Renaud Cook, Quintairos Prieto, Fernandez, Rowey, Smith, Centurion, Barnes, Centene, Acedo, Gottfried, Watanabe, Rand, Struck, Bajanowski, Fletcher, Broening, Orcutt, Struck Watanabe, Carter, Morrissey, Dossett, Erwin , Johnson, Klausner, Glynn, Bosheszwicz, Ullibarri, Ryan, Shinn engineered the

—6—

scheme I describe in this Complaint. Then either directly or through local counsel, They deployed Their prefabricated defense against Me and other pro per prisoner plaintiffs. They used the Permissible Procedural Devices in Bad Faith as in Laigman That Williams discussed. They, like Bass, rigged The game from The very beginning.

(9A) Seeking Truthful, accurate, non-Tainted evidence has never been Their objective. Not mischaracterizing but creating alternative facts.

### The Directives From Pittsburgh

(10) Wexford is a Healthcare Provider with Offices in This District. Zwick, Forman, Weber Gallagher work as its lawyers.

(11) Since its inception emails, internal reports, audits, reports That are in Wexfords files, show That employee's and those who work for and on behalf of Wexford have been, upon The directives of Wexford Corporate Management and onsite managers, refusing To provide inmates with healthcare for Their serious medical needs, thereby causing deaths, and serious medical

— 7

and physical injuries.

(12) Faced with these reports that are unfavorable to Wexford, Wexford has represented to every state prison system, every inmate and every court, that it is providing inmates with treatment that meets Community standards and that it's managers have not directed any person(s) to provide treatment that does not meet community standards and that does not meet constitutional standards. It has represented that deaths, permanent medical and physical injury is not being caused by any practice of Wexford.

(13) Wexford, Zwick, Forman, Weber Gallagher just as the Cahill lawfirm did in Williams v. Bost Catalyst LLC., 765 F.3d 306 (3rd Cir 2014) manufactured favorable evidence.

(14) They assembled template and stock pleadings Discovery and motions documents for use by local counsel in pro per prisoner litigation, that Contained false or misleading information about the practices of Wexford. Specifically concealed all emails, reports, and complaints about the practices of Wexford discussed above. They Concealed these to frustrate prisoner

— 8 —

litigation. They then submitted false sworn and unsworn representations, including false affidavits, false and incorrect expert reports and discovery response verifications by wexford employees, officers, consultants, and experts. Specifically they concealed from these the matters disclosed by the documents in paragraph 11, 12.

(15) They used the absence of the inculpatory evidence described in paragraph 11, 12 above and created false exonerating evidence that they use in prisoner pro per litigation. Whenever pro per prisoner lawsuits are filed, Wexford systematically and uniformally represented falsely that they do not have the unofficial practice of engaging in the type of conduct in paragraphs 11, 12 above. They made misstatements in correspondence, responses to discovery and/or pleadings or motion papers, They misled courts as well as adversaries.

(16) Wexford, 2wick, Forman, Weber Gallagher Contacted Rappazzo, Blair, Hochuli, Jones Skelton who engaged in the conduct in paragraphs 10 to 15 in Tripati v. Hale CV-15-0140 Tuc. DCB. — For example

— 9 —

(a) They concealed emails by Shulce Roberton, Porter, Larson Robertson, Johnson, Harvey, Casaros, Kokemore, Respiero, Morrissin, Welford Regional Office and others about my medical condition [see also pt 2.]

(b) They concealed directives from Pittsburgh, Minutes of meetings, Audit Reports, employee complaints that referenced and spoke of Welford as a matter of its practice, has directed employees to delay, deny inmates treatment for their serious medical needs

(c) They concealed letters, contract compliance, monitoring reports, warning letters, contract termination letters, that show that Welford has the practice of delaying, denying medical care, causing deaths and serious injury.

(d) All inculpatory information was concealed

—10

## Integrity of the Judiciary

(17) Just like Cahill and Bast, Wexford, Zwick, Forman, Weber Gallagher engaged in systematic fraud directed at the integrity of the judicial process. Their specific intent was to obstruct, impede, impair prisoner litigation, and this is exactly what happened to me and other prisoners.

(18) Wexford, Zwick, Forman, Weber Gallagher obtained an undue advantage by means of some act or omission that is unconscientious or a violation of good faith, the essence of fraud in Bast, to thwart the judicial process.

(19) Without fear of recrimination, Wexford Zwick, Forman, Weber Gallagher frustrated the search for the truth and purposefully misled prisoner litigants and me by practicing deceit and deception in the course of litigation, by making false misleading statements in the course of judicial proceedings.

(20) The misconduct by Wexford, Zwick, Forman, Weber Gallagher occured in and out of courtrooms in Pitts, Penn, Ill., Fl., Az., Ma., No single court had the perspective or authority to mitigate the fraud or the ability to detect it.

— 11 —

21) Wexford was responsible for verifying the Truth of it's Discovery responses and for suborning or otherwise procuring false unsworn and sworn representation for it's employee's, officers, consultants, and experts. This fraud, like that in Bast, has outlasted the of many of the perpetrators.

## CIV-11-0195 DCB

22) Wexford, Zwick, Forman, Weber Gallagher, Blair, Rappazzo, Hochuli, Jones Skelton in CV-11-0195 DCB engaged in the conduct in paragraph 10 - 21.

## The Conduct in Middle District Tennessee

23) Corizon is a healthcare provider with offices in This district. Conlon, Hover, Grimm, Basha, Renaud Cook, Quintairos Prieto, Fernandez, Rowey, smith work as it's lawyers.

24) Since it's inception, emails, internal reports, audits, reports that are in Corizons files, show that employee's and those who work for and on behalf of Corizon have been, upon the directives of Corizon Corporate Management and onsite managers, refusing to provide inmates with

—12—

healthcare for their serious medical needs, Thereby causing deaths, and serious medical and physical injuries.

25) Faced with these reports That are unfavorable To Corizon, Corizon has represented To every state prison system, every inmate and every court, that it is providing inmates with Treatment that meets Community standards and that it's managers have not directed any person(s) To provide Treatment That does not meet Community standards and that does not meet Constitutional Standards. It has represented That deaths, permanent medical and physical injury is not being caused by any practice of Corizon.

26) Corizon, Conlon, Hover, Grimm, Basha, Renaud Cook, Quintairos Prieto, Fernandez, Rowey, Smith, just as the Cahill lawfirm did in Williams v. Basf Catalyst LLC., 765 F.3d 306 (3rd Cir 2014) manufactured favorable evidence.

27) They assembled Template and stock pleadings discovery and motions documents for use by local counsel in pro per prisoner litigation, that contained false or misleading information about the practices of Corizon. Specifically concealed all emails

—13—

reports, and complaints about the practices of
Corizon discussed above. They concealed these
to frustrate prisoner litigation. They then submitted
false sworn and unsworn representations, including
false affidavits, false and incorrect expert reports
and discovery responses, verifications by Corizon
employee's, officers, consultants, and experts. Specifically
They concealed from these the matters disclosed
by the documents in paragraphs 24, 25.

(28) They used the absense of the inculpatory
evidence described in paragraph 24, 25 above
and created false exonerating evidence that they
use in prisoner pro per litigation. Whenever pro
per prisoner lawsuits are filed, Corizon systematically
and uniformally represented falsely that they do
not have the unofficial practice of engaging
in the type of conduct in paragraphs 24, 25
above. They made misstatements in correspondence,
responses to discovery and/or pleadings or motions or
Responses   , they misled courts as well as
adversaries.

(29) Corizon, Conlon, Hover, Grimm, Basha, Renaud
Cook, Quinteiros Prieto, Fernandez, Rowey, Smith
who engaged in the conduct in paragraphs 23-28
in , for example:

(a) They Concealed emails from And to Kokemore Respicio-Morrisey Martinez, Burciaga Perkins, Roberson, Johnson Buschweicz Houser Williams Igwe Andrews And others that showed Corizon was Denying Me Treatment for my serious Medical needs.

(b) They Concealed inculpatory documents from Corizon employees showing that Corizon employees were altering My And other inmate Medical Records And As A consequence they were causing Me and others serious Medical injury

(c) They Concealed contract Monitoring And Contract Compliance Reports Showing Corizon submitted False Contract compliance Reports False Reports that they were providing care, they were not providing

-d) They Concealed audits And other inculpatory emails [SEE ALSO ¶ 2]

—15—

## Integrity of the Judiciary

30) Just like Cahill and Bast, Corizon, Conlon, Hover, Grimm, Basha, Renaud Cook, Quintairos Prieto, Fernandes, Rowey, Smith engaged in systematic fraud directed at the integrity of the judicial process. Their specific intent was to obstruct, impede, impair prisoner litigation, and this is exactly what happened to me and other prisoners.

31) Corizon, Conlon, Hover, Grimm, Basha, Renaud Cook, Quintairos Prieto, Fernandez, Rowey, Smith obtained an undue advantage by means of some act or omission that is unconscientious or a violation of good faith, the essence of fraud in Bast, to thwart the judicial process.

32) Without fear of recrimination, Corizon Conlon, Hover, Grimm, Basha, Renaud Cook, Quintairos Prieto, Fernandez, Rowey, Smith frustrated the search for the truth and purposefully misled prisoner litigants and me by practicing deceit and deception in the course of litigation, by making false misleading statements in the course of judicial proceedings.

(33) The misconduct by Corizon, Conlon, Hover, Grimm, Basha, Renaud Cook, Quintairos Prieto, Fernandez, Rowey, Smith occurred in and out of courtrooms in Penn., NM, Az., Mn., Fl., Tx.. No single court had the perspective or authority to mitigate the fraud or the ability to detect it.

(34) Corizon was responsible for verifying the truth of its discovery responses and for suborning or otherwise procuring false unsworn and sworn representation for its employees, officers, consultants, and experts. This fraud, like that of Bast, has outlasted the of many of the perpetrators.

CIU-13-0615 DCB
CIU-18-0066 RM

(35) Corizon, Conlon, Hover, Grimm, Basha, Renaud Cook, Quintairos Prieto, Fernandez, Rowey, Smith in CU-13-0615 DCB and CU-18-0060 RM engaged in the conduct in paragraphs 23-34.

The Conduct in Minnesota/Missouri

(36) Centurion is a healthcare provider with offices in this state. Centurion, Centene, Barnes, Broening Oberg work as its lawyers.

—17

(37) Centurion Centene Barnes Broening Oberg have engaged in the Misconduct similar to that in Paragraphs 9 through 35 in litigation upon the Direction of the Centurion Corporate Office litigation Staff

## THE CONDUCT by ARIZONA

(38) Cantor, Morrissey Glynn, Klauner, Jeanson, Erwin, Zwick, Fortman Simpson, Rapazzo Huchuli, Blair, Jones Skelton, Quintarios Prieto Fernandez, Rowan Conlon House, Grimm Beauru Renaud Core, Morrissey Dossett Boschmverc, Ullibarri Concealed On behalf of Welfors, Corizon Ryan Shuin emails Reports attachments — that were inculpatory to them And Favorable to me, and sent/received by Erwin Johnson Klauner Glynn Fizer Jacobs Brennan Shuman Osler Curran Andrews Peucine Sego Delgado Porter Harvey

— 18 —

Among others

39) These Documents in No uncertain And
Plain Terms Directed ADOC Employees
to SEIZE - DESTROY — READ — MY
Privileged Documents — And to
Retaliate Against ME, SEIZE Destroy
My legal papers- BASED UPON these
emails Ullibarri And Buchweicz
READ, SEIZED And Destroyed legal
MAIL ADDRESSED to ME ON CDS that
are privileged. Buchweici And
Dossett ordered I BE DENIED
My Religious Diet DENIED
Access to the Courts BASED ON
these Emails Reports ADOC Employees
Destroyed My legal papers And Property

40) CARTER Morrissey then Fabricated
A Defense in CV 29-20257, CV 11-
0125, CV 18-0066 Denying the Facts,
that are in the inculpatory
evidence described above, they
Concealed [SEE ALSO EX 2]

— 19

## THE ROLE OF
## PARSONS COUNSEL

(1) GOTTLIEB Watanabe Rand Struck Weiner, Bojanowski, Love Acedo, Fletcher Orcutt Struck Weiner are Counsel for Shinn and Ryan in Parsons v Ryan CIV 12-00601 - A Class Action for Arizona Prisoner healthcare

(2) They have engaged in the Conduct in Paragraphs ¶ through ¶¶ and as a consequence of their engaging in this Misconduct in Parsons Corizon, Wexford, Centurion have DENIED me Treatment for my serious Medical Needs. They have concealed evidence that is inculpatory to Shinn and Ryan, Corizon, Wexford, Centurion

## RES JUDICATA COLLATERAL
## ESTOPPEL

(3) Pursuant to AHMBON v CITY OF ASHLAND 360 F.3d 1062, 1068 (9th Cir 2004) collateral Estoppel Res Judicata do not apply.

— 20 —

## THE INVESTIGATION —
## No Available Remedy

44) I have utilized the Administrative Remedy Procedure And I have no available remedy Because those who Administer the procedure have Been Directed not to afford me Relief [ SEE ET 1 Page 8, 10,11, 13 ]

45) Judicial Remedies have been in effective as Carter, Morrison And named Defendant have concealed inculpatory evidence, in the form of emails And Reports generated by Prison, Corizon, Wexford, Centurion employees

### THE Imminent Danger

46) As A Result of my Being Denied Treatment for my Blood Pressure, Pain, Prostate And other issues - I have been told I have to have A Nephroplist to see if my Kidney is blocked And this may cause me serious injury. Had Wexford, Corizon, Centurion continued with the treatment that I Received in March 2012 —

21

Morrione — Gabapentin — Zutor — Prilosec
Continued with the Diet — I would not
have been in imminent danger

(47) I Am 66 years of Age And it is
very likely that my injury shall be
permanent

## Unbearable Pain

(48) I Am in so much pain And
suffering that I have to force
myself to forget the pain, the
shakes, tremors —

## Why have they
## Done this

(49) They have Done this As
Punishment for my exercising
the Right to Use the grievance
process And Right of legal
Access As Is explained in
Exhibit 1 .

22

Count One
Cruel Unusual Punishment

(50) By their actions in paragraphs 1 to 49 Defendant have inflicted upon me cruel and unusual punishment They have Denied me Treatment for my Serious Medical Needs inflicting upon me unnecessary pain and suffering. They Violated the DeShaney Doctrine Because they have the Duty to protect Me and have Failed to. They have the special Relationship that Mandates they ensure they protect me from harm as my Custodian

Count Two – Fraudulent Concealment Fraud Deceit

(51) Defendants Wetzel, Zwick, Forman, Weber Gallagher, Rapparo Archuli Jones Skelton, Blane, Corizon Quinteries Pravo, Fernandez, Ramos, Conlon, House, Herman, Barnes, Ramos Cox Morrissey Carter Johnson, Kramer, Glynn, Dorsett Boschinweiz Centurion Bsame, Broening

23 —

Orser, Contena, Gonzales, Watanabe Renn, Strick, Weineke, Bojanowski, Love, Acosg, Fletcher, Ovonk, Smith Weineke, made the material misrepresentation of Present existing or Past Facts, with Knowledge or belief of the Falsity, with an intention that other Rely on it, on which there was Reasonable Reliance, as Discussed in Paragraph 9 to 48. This is Fraud and Deceit. They lied and Concealed the evidence, as Discussed in Para 9 to 48, and their actions constitute Fraudulent Concealment.

(52) These Defendants had a legal Obligation to Disclose the evidence in Connection with existing or Pending litigation. This evidence they Failed to Disclose was material to the litigation. I Could not have obtained that evidence From another Source. They intentionally withheld Altered Destroyed the evidence to Disrupt the litigation. They

24 -

Injured Inmage or me Because the evidential
Record did not contain the concealed
evidence

Count Three
Customary International
Law

(53) I am an alien within the meaning of
ATCA and the conducts in paragraphs
9 through 52 violates Customary
International Law As well as Articles
1, II, IV, X, XI, XXVI IV of the
American Declaration and the Law of
Nations

Count IV
Conspiracy

(54) Defendant Wittgens Zwick Forman,
Weber hallache Rappeira Hochuli,
Jones Skelton, Blair, Corizon, Quintana,
Priest, Fernavde, Ricay Conlon Klove,
Grimm, Essens, Renanis Cook Morrucoy,
Carrose, Johnson, Klause, Glynn, Doscett,
Boschwericz, Centurion, Barate, Broenig

25

Orsag, Clontene, Watanabe, Rand, Struve, Weineke, Bednowski, Love, Acello, Fletcher, Deanto Knowingly intentionally made intentional Deliberate Decisions to Disobey Disregard the Law policies, Court order, Misuse procedural Devices guaranteed by Federal Rules.

(58) When they were unaware of all the Participants they were aware of the escential Nature and general scope of the conspiracy to Engage in the conduct in Paragraphs 1 through 53. My Attorney client Privilege, Retaliation against me, Abusing the procedural device under the Federal Rules to Deny me Access to evidence that is inculpatory to Conizan, Wexford, Centurion, Duby, Shinn Access to Counsel, Right to practice my Religion was the Aim of the conspiracy And the conspiracy was to ensure my claims were not Reviewed with evidence inculpatory to Defendants And favorable to me.

(59) Each Defendant Pursued the object of the conspiracy By Performing what their part of the conspiracy was And

Another Defendant another Part willfully agreeing to participate with the common Design to Deprive me of the Rights I complain of.

(56) By And through the use of the unlawful means in this Complaint, through the overt acts in this complaint which overt acts were committed in furtherance of the conspiracy Discussed above defendants and each of them ensured the conspiracy continues and succeeds. The conspiracy is open and and continues as of this date.

(57) These defendants and each of them are Professionals who under no set of circumstances Did not know that the wrongs I complain of were not unlawful. They Refused to Speak up or Disassociate themselves from these acts. It is Difficult to understand that All the Professional talent, why one of them would not blow the whistle.

(58) Each individual Defendant willfully agreed to Become members of the conspiracy

27

(62) They Committed at least two Acts of Racketeering that Corizon, Wexford, Centurion Renard Clark, Jones Skelton Chanticior Priess, Hallworth Newby, Steven Wiemer, Browning Ratledge by their actions and actions of Members of their Firme

(63) The last unlawful act occurred the last Racketeering Act occurred within four years of the Prior act they are Releated to each other have a Common external ongoing principle, and are Continuous

(64) The Conduct in paragraph 1 to 63, Violate Arizona, Pennsylvania, And Tennessee RICO Statutes. These Defendants Committed or Participated Directly or indirectly in the affairs of the Correctional Health enterprise through a Pattern of Racketeering activity and they Conspired to do so.

29

agreeing to participate Directly/Indirectly in the conduct I allege.

(10) They knew of the Conspiracies to deny me equal protection equal privileges, had the power to prevent or Aid in the Prevention of the Commission of the Conspiracies, could have with Reasonable Diligence, but neglected or Refused to Prevent the Conspiracies.

(11) Arizona Allows RICO claims for Intangible Rights - I sustained Reasonably foreseeable injury in my Person. By their association in fact Defendants in Paragraph 54 formed the Correctional Health enterprise. They are high level Managers Agents who authorized, Requested, Commanded, at the Directions of the Chief Executive Officer of Arizona Welfare, Centurion, to engage in the Conduct I Allege.

28

(b) Defendants Committed Civil
Conspiracies, Conspiracy within the
Meaning of 42 USC 1983 1985, 1986
And Rico Conspiracies — to violate Rico.

PRAYER For Relief
I Demand a Jury Trial,
Damages Punitive Damage,
Declaratory And other Relief,
Costs, Fees

VERIFICATION
I Declare under the penalty of
Perjury the contents of this complaint
are true and correct Based on
Reasonable inquiry, not designed
to harass, intimidate, nor For any
improper purpose

Executed on 3/8/20 under
penalty of Perjury

Amant Kumar Murti

30