IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANANT KUMAR TRIPATI,<br><br>*Plaintiff,*<br><br>v.<br><br>WEXFORD HEALTH SOURCES INC, *et al,*<br><br>*Defendants.* | Civil Action No. 2:20-cv-427<br><br>Hon. William S. Stickman IV<br>Hon. Cynthia Reed Eddy |

### **ORDER OF COURT**

Plaintiff Anant Kumar Tripati ("Tripati") initiated this case on March 27, 2020, when he filed a motion for leave to proceed *in forma pauperis* ("IFP").[1] (ECF No. 1). Attached to his motion was a thirty-two page handwritten Verified Complaint with approximately thirty-two pages of exhibits. (ECF No. 1). The motion was denied pursuant to 28 U.S.C. § 1915(g) because Tripati failed to show he was in imminent danger of serious physical injury. (ECF Nos. 1-4). Tripati then paid the full filing fee, and his Verified Complaint was filed on May 27, 2020.

---

[1] Tripati is a well-known vexatious litigant who had been enjoined from filing frivolous and harassing claims in certain federal courts. He acknowledges that he has incurred three or more strikes for purposes of the Prison Litigation Reform Act, 28 U.S.G. § 1915(g). Chief Magistrate Judge Cynthia Reed Eddy has accurately noted about Tripati:

> in 2004, the Supreme Court of the United States ordered, "As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1." *Tripati v. Schriro*, 541 U.S. 1039 (2004). Similarly, the United States District Court for the District of Arizona has ordered the clerk of court not to accept for filing any original complaint or petition from Tripati except with the prior approval of a judge. *In re Tripati*, 891 F.2d 296 n.1 (table), 1989 WL 150100 (9th Cir. 1989).

(ECF No. 245, p. 2).

(ECF No. 6). He was granted leave to file a Verified First Amended Complaint, and did so on June 22, 2020. (ECF Nos. 12-14). After all Defendants filed motions to dismiss the Verified First Amended Complaint, Tripati filed a Verified Second Amended Complaint on March 29, 2021. (ECF No. 141). It asserts six causes of action (i.e., Count One – "Cruel and Unusual Punishment" (*Id.*, ¶¶159 – 160); Count Two – "Fraudulent Concealment, Fraud, Deceit" (*Id.*, ¶¶161-164); Count Three –"Violation of the First, Eighth, Fourteenth Amendments, Article IV Privileges and Immunities Clause, Due Process Clause" (*Id.*, ¶¶165-168); Count Four – "Violation of 18 Pa. Cons. Sta. 911 (2019)" (*Id.*, ¶¶169-184)[2]; Count Five – "Violations of Ariz. 13-2314.04(A)" (*Id.*, ¶¶185-188); and Count Six – "Conspiracy" (Id., ¶¶189-197)), and includes 231 paragraphs of allegations that span sixty-one pages. (*Id.*). His supporting brief consists of twenty-five single-spaced typewritten pages. (ECF No. 142). Defendants filed the following ten motions to dismiss:

- ECF No. 156 – Motion to Dismiss by Centurion of Arizona;

- ECF No. 158 – Motion to Dismiss Plaintiff's Second Amended Complaint by Corizon, Inc.;

- ECF No. 160 - Motion to Dismiss Plaintiff's Second Amended Complaint by Wexford Health Sources, Inc.;

- ECF No. 162 - Motion to Dismiss Plaintiff's Verified Second Amended Complaint Pursuant to Rule 12(b)(2) and 12(b)(6) by Brandi C. Blair, Edward Hochuli, and Jonah E. Rappazzo (collectively referred to as the "JS&H Defendants");[3]

---

[2] In 2021, Tripati voluntarily dismissed Count Four. (ECF 176).

[3] Although identified as a defendant in Tripati's previous filings, the law firm Jones, Skelton & Hochuli, P.L.C., was not identified as a party in the caption to the Verified Second Amended Complaint or in Tripati's identification of the Parties to this Complaint contained on Form Pro

- ECF No. 164 - Motion to Dismiss Plaintiff's Second Amended Complaint by Samuel H. Foreman, Weber Gallagher Simpson Stapleton Fires & Newby LLP, and Matthew R. Zwick (collectively referred to as the "Weber Gallagher Defendants");

- ECF No. 166 - Motion to Dismiss by Anthony J. Fernandez, Nichole L. Cullen (formerly Nichole L. Rowey), and Quintairos, Prieto, Wood, & Boyer P.A., Joined by Lori Metcalf (ECF No. 201) (collectively referred to as the "QPWB Defendants");

- ECF No. 168 - Motion to Dismiss Plaintiff's Second Amended Complaint by Sarah L. Barnes and Broening Oberg Woods & Wilson, PC (collectively referred to as the "Broening Oberg Defendants");

- ECF No. 170 - Motion to Dismiss Plaintiff's Second Amended Complaint by Joseph Scott Conlon, Charles Stedman Hover, II; Timothy Regis Grimm, II; Kristin Whitney Basha, and Renaud Drury Defendants");

- ECF No. 172 – Motion to Dismiss Second Amended Complaint by Nicholas D. Acedo, Timothy J. Bojanowsky, Diane Bousheszwicz, Cheryl Dossett, Courtney Glynn, Michael E. Gottfried, Karyn Klausner, Rachel Love, Kelly Joan Morrissey, Lucy M. Rand, Charles L. Ryan, David Shinn, Daniel P. Struck, Struck Wieneke & Love, PLC, and Betty Ullibarri; Joined by Paul Edward Carter, Daryln Johnson (ECF No. 203) and Julia Erwin (ECF No. 213) (collectively referred to as the "State of Arizona Defendants")[4]; and,

- ECF No. 221 – Motion to Dismiss by Centurion LLC.

---

Se 14 (ECF No. 141). Thus, Jones, Skelton & Hochuli, P.L.C., was terminated as a party to the action.

[4] The State of Arizona Defendants are (1) current or former state officials from the Arizona Department of Corrections Rehabilitation and Reentry, (2) current or former Arizona Assistant Attorney Generals; and (3) their private counsel. (ECF No. 173, n.1.).

Tripati filed responses in opposition to Defendants' motions (ECF Nos. 190 and 234), and Defendants filed reply briefs (ECF Nos. 226-232, and 237). On February 14, 2022, Chief Magistrate Judge Cynthia Reed Eddy issued a Report and Recommendation in which she recommended that the Court: (a) grant the motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (ECF Nos. 156, 162, 166, 168, 170, 172, and 221) and that the claims against the non-resident defendants be dismissed under 28 U.S.C. § 1406(a) as the interests of justice do not warrant a transfer; (b) grant the motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 158, 160 and 164) and deny leave for further amendment as it would be inequitable and futile; and (c) deny Tripati's Motion to Abate Time to File Third Amended Complaint (ECF No. 196). (ECF No. 245). Tripati filed timely Objections. (ECF No. 248). Only the QPWB Defendants filed a Response to Tripati's Objections. (ECF No. 250). This matter is now ripe for adjudication by the Court.

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Upon review of Chief Magistrate Judge Eddy's Report and Recommendation, Tripati's Objections, and the QPWB Defendants' Response, as well the Court's *de novo* review of the record in this matter, IT IS HEREBY ORDERED that Tripati's Objections to the Report and Recommendation are OVERRULED. The Court concurs with Chief Magistrate Judge Eddy's

thorough analysis and her legal conclusions. It has independently reached the same legal conclusions. The Court hereby APOPTS Chief Judge Eddy's Report and Recommendation as its Opinion.

AND NOW, this 5th day of April 2022, IT IS HEREBY ORDERED that all of Defendants' Motions to Dismiss (ECF Nos. 156, 158, 160, 162, 164, 166, 168, 170, 172 and 221) are GRANTED.

IT IS FURTHER ORDERED that the motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (ECF Nos. 156, 162, 166, 168, 170, 172, and 221) of Defendants Centurion of Arizona, Centurion LLC, the JS&H Defendants, the QPWB Defendants, the Broening Oberg Defendants, the Renaud Drury Defendants, and the State Arizona Defendants of are GRANTED and that the claims against the non-resident defendants are hereby DISMISSED under 28 U.S.C. § 1406(a) as the interests of justice do not warrant a transfer.

IT IS FURTHER ORDERED that the motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 158, 160 and 164) by Defendants Corizon, Wexford Health and the Weber Gallagher Defendants are GRANTED and leave for further amendment is DENIED as it would be inequitable and futile.[5]

AND IT IS FINALLY ORDERED that Tripati's Motion to Abate Time to File Third Amended Complaint (ECF No. 196) is DENIED.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[5] "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2021).